**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

| | |
|---|---|
| **IN RE: JANNA MARIE MATHERLY** ) | |
| ) | **Case No. 12-51845-FJS** |
| Debtor, ) | **Chapter 13** |
| ) | |
| **and** ) | |
| ) | |
| **ADAM MATHERLY** ) | |
| ) | |
| Joint Debtor. ) | |
| _____ ) | |
| **ESSEX BANK** ) | |
| ) | |
| Movant, ) | |
| v. ) | |
| ) | |
| **JANNA MARIE MATHERLY** ) | |
| **and** ) | |
| **ADAM MATHERLY** ) | |
| **and** ) | |
| **R. CLINTON STACKHOUSE, JR.,** ) | |
| **TRUSTEE** ) | |
| ) | |
| Respondents. ) | |

**MOTION FOR RELIEF FROM STAY**
**AND NOTICE OF MOTION AND HEARING**

Essex Bank ("Essex"), by counsel, respectfully moves this Court to grant it relief

from the Automatic Stay of 11 U.S.C. § 362 to allow Essex to enforce its remedies under its

security instruments and state law, including the right to foreclose upon and sell certain real

_____
David G. Browne (VSB# 65306)
Meyer Goergen P.C.
1802 Bayberry Court, Suite 200
Richmond, VA 23226
Telephone:        (804) 288-3600
Facsimile:         (804) 565-1233
E-mail:             browne@mg-law.com
*Counsel for Essex Bank*

property owned by the Debtors, or enter an order granting it adequate protection of its security interest, and in support thereof states as follows:

1. The Court has jurisdiction pursuant to 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157.

2. The Debtors filed their Chapter 13 Petition on or about November 26, 2012.

3. On or about July 16, 2011, the Debtors executed a Promissory Note ("Note") in the principal amount of $675,000.00 payable to Essex Bank. Essex remains the holder of the Note. The purpose of the loan evidenced by the Note was to allow the Debtors to build a house for use as their principal residence, and the Note by its terms became due in full on its maturity date of October 16, 2011, prior to which the Debtors agreed to make interest only payments at a rate of 6.5%. A copy of the Note is attached as Exhibit 1.

4. The Note is secured by a Construction Deed of Trust ("DOT") dated April 16, 2010 and recorded in the Circuit Court of Williamsburg/James City County, Virginia on April 21, 2010 as Instrument No. 100007866, having been executed by both Debtors and encumbering certain real property owned by the Debtors in James City County, Virginia ("Property"). A copy of the Deed of Trust is attached hereto as Exhibit 2 and includes a full and complete legal description of the property. The DOT was modified via a "Modification of Deed of Trust" instrument dated February 4, 2011, signed by both Debtors, and recorded in the Circuit Court of Williamsburg/James City County, Virginia on that same date as Instrument No. 110003867, securing a total debt of $675,000.00 via the Property. A copy of the Modification is attached hereto as Exhibit 3.

5. On or about April 13, 2012, the Debtors and Essex entered into a Forbearance Agreement (attached hereto as Exhibit 4) whereby the Debtors acknowledged that they were in default under the terms of the Note and DOT as modified which they further agreed were

valid and binding, agreed to make monthly payments of $3,792.83, and perform certain other acts including securing releases of liens on the Property. By its terms, the Forbearance Agreement did not waive any defaults by the Debtors under the Note and DOT as modified, expired by its terms no later than November 1, 2012, and expressly reserved in Essex all of its rights to enforcement under the Note and DOT as modified.

6. Debtors defaulted upon the Forbearance Agreement by failing to make full and timely payments as agreed and failing to secure releases for the liens described therein as agreed by the compliance date, further defaulted by filing their Bankruptcy Petition, and otherwise failed to repay the Note in full by the November 1, 2012 expiration date of the Forbearance Agreement regardless of any prior defaults. Essex initiated non-judicial foreclosure proceedings on or about November 16, 2012 and scheduled a foreclosure sale for December 3, 2012, which was halted by the Debtors' November 26, 2012 Chapter 13 Petition.

8. Essex is a secured creditor of both Debtors, with a payoff as of November 26, 2012 (the petition date) of $669,964.84 in principal, $ 18,030.81 in accrued interest, $630.00 in late fees, plus attorney's fees and costs in accordance with the terms of the instruments and the costs of foreclosure sales scheduled for December 3, 2012 and February 19, 2013.

9. On November 19, 2012 an appraisal of the Property was conducted by Angela Atkinson of Sears Real Estate & Appraisals which determined that the Property is worth $519,000.00. A copy of this appraisal is attached as Exhibit 5.

10. Debtors remain delinquent and in default under the terms of the Note, DOT as modified, and Forbearance Agreement, and the full amount of the loan evidenced by the Note (plus interest and costs, as described in ¶ 8) is and remains due and owing. The full amount of

3

the Note was due and owing prior to the Petition date of November 26, 2012, whether one looks to the maturity date of the Note itself or to the most favorable (to the Debtors) deadline of November 1, 2012 contained in the Forbearance Agreement. Thus, even if the Debtors were to propose the curing of some default within any of these instruments to put themselves back into pre-bankruptcy, non-default footing, they would still be left with the full balance due and owing as of November 1, 2012 at the latest under non-default terms.

11. The Debtors now propose an Amended Plan, filed February 26, 2013, that fundamentally alters the rights of Essex as a secured creditor with respect to the Debtors' principal residence, in violation of 11 U.S.C. § 1322(b)(2). The Debtors propose to pay $2,500.00 per month to Essex supposedly as "adequate protection," an amount that does not even cover the contractual non-default rate of interest on the debt, is substantially less than the non-default monthly payment even under the Forbearance Agreement, and in any event does not pay off the full amount that is due and owing pursuant to non-default terms of any of the instruments. The Debtors propose to pay this amount through December of 2013 while they attempt to seek refinancing of the debt owed to Essex, a proposal that would appear infeasible at best given the size of the loan sought, that the property is underwater, and that the Debtors are in bankruptcy. The Debtors, in short, do not even propose to repay this debt to Essex under impermissibly modified terms, as they seek to make a less-than-interest payment and extend its maturity date indefinitely.

12. The Debtors cannot possibly fund a plan that would pay the entire debt due and owing to Essex Bank under any non-default reading of the Note, DOT as modified, and/or the Forbearance Agreement without substantially modifying the rights of Essex.

13. Based upon the foregoing, the interests of Essex in the above-referenced Property are not adequately protected, constituting cause for granting relief from the automatic stay under 11 U.S.C. § 362(d)(1), for the following reasons:

Case 12-51845-FJS    Doc 73    Filed 03/29/13    Entered 03/29/13 18:43:26    Desc Main
                    Document      Page 5 of 7

      a.      Debtors have no equity in the subject property and its current value is less than the lien of Essex;

      b.      Debtors have a sizeable arrearage of unpaid real estate taxes as set forth in their Amended Plan;

      c.      The entire loan matured and came due to Essex prior to the petition date even under non-default terms, and Debtors have failed to make payments for a substantial period pre-petition despite accommodations and forbearance by Essex;

      d.      Debtors have not proposed a plan that is confirmable because it fundamentally alters the rights of Essex in violation of §1322(b)(2), does not actually pay or cure the debt regardless of modification, and they cannot feasibly propose a confirmable plan that would satisfy the requirements of §1322(b)(2).

14.    Essex further requests relief from the automatic stay under 11 U.S.C. § 362(d)(2), as the Debtors have no equity in the Property and, to the extent that the second prong in § 362(d)(2)(B) applies to a Chapter 13 case at all, the Property is not necessary for an effective reorganization because the Debtors have not proposed a confirmable plan and cannot reasonably do so given the constraints of the entire debt due and owing to Essex Bank and the anti-modification provision of § 1322(b)(2).

15.    To the extent that the Court denies confirmation of the Amended Plan and converts the case to one under Chapter 7 of the Bankruptcy Code, Essex requests relief from the automatic stay pursuant to § 362(d)(2), as the Debtors do not have any equity in the Property.

16.    Essex further requests that the fourteen day period under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure during which the stay remains in effect be waived and any Order granting relief shall become effective immediately upon entry.

WHEREFORE, for the foregoing reasons, Essex Bank respectfully requests that this Court enter an Order granting it relief from the automatic stay of 11 U.S.C. § 362 as to the Property, allowing Essex Bank to enforce its remedies under the Note, the DOT as modified and under state law, including the right to foreclose upon the Property, and that the fourteen day period under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure during which the stay remains in effect be waived and that any Order granting relief shall become effective immediately upon entry, or otherwise granting it adequate protection of its security interest, and that it have such other and further relief as the Court may deem appropriate.

### ***NOTICE OF MOTION***

Essex Bank has filed this Motion for Relief from Stay.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the relief sought in the motion, or if you want the court to consider your views on the motion, then within fourteen (14) days of service of this Motion, you or your attorney must:

1. File with the court, at the address shown below, a written response and supporting memorandum. If you mail your request for response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

    Clerk of Court
    United States Bankruptcy Court
    Eastern District of Virginia
    600 Granby Street, Room 400
    Norfolk, VA 23510-1915

2. Attend a hearing to be held on **April 19, 2013 at 9:30 A.M.** in Judge Santoro's Courtroom, United States Bankruptcy Court, U.S. Courthouse, 2400 West Avenue, Newport News, VA

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an Order granting that relief.

Respectfully submitted,

_____/s/ David G. Browne_____
David G. Browne (VSB# 65306)
MeyerGoergen, P.C.
1802 Bayberry Court, Suite 200
Richmond, VA 23226
Telephone:    (804) 288-3600
Facsimile:    (804) 565-1233
E-mail:    browne@mg-law.com
*Counsel for Essex Bank*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing Notice of and Motion for Relief from Automatic Stay, Notice of Motion and Notice of Hearing was sent via U.S. Mail, postage prepaid, or delivered by electronic means, this 29th day of March, 2013 to the following, constituting all necessary parties:

Janna Marie Matherly
Adam Matherly
3320 Yarding Way
Toano, VA 23168

R. Clinton Stackhouse, Jr.,
Chapter 12/13 Trustee
7021 Harbour View Boulevard
Suite 101
Suffolk, VA 23435

Ryan Seth Marion
Wilson & Wilson, PLLC
744-A Thimble Shoals Boulevard
Newport News, VA 23603

_____/s/ David G. Browne_____